SALOME MITCHELL and another, petitioners for partition, *vs.* PERSONS UNKNOWN.

*Disseisin.*

In August, 1836, the petitioners, together with their sister, entertaining the mistaken hypothesis that their father, instead of their mother, owned the land in question, by their deed of quitclaim duly recorded, released their interest therein to the respondents, who entered under the deed, claiming to own the land, and in December, 1848, divided the premises by mutual deeds of release, and subsequently thereto their occupation was in severalty and was open, notorious, adverse, and known to the petitioners. On petition for partition, commenced in September, 1868. *Held,* that in the absence of any actual entry by either of the petitioners within twenty years, their right of entry was gone.

ON REPORT.

PETITION FOR PARTITION.

APPLETON, C. J. This is a petition for partition of certain real estate in Mexico. The petitioners are two daughters of Zebediah Mitchell. The respondents are his son, Darius Mitchell, and his grandchildren, the heirs of his son, Jonathan Mitchell, deceased.

Mitchell v. Persons unknown.

It is in evidence that Zebediah Mitchell died prior to Nov. 25, 1828, at which date the land in controversy was conveyed to his widow, Molly Mitchell. The proof in the case tends to show that the payment for the land thus conveyed was made by the widow, with funds derived from the estate of her deceased husband.

On the second day of August, 1836, the petitioners, with Nancy Mitchell, by their deed of that date, remised, released, bargained, sold, and conveyed and forever quitclaimed "all right, title, and interest in and to" certain lots, "being land that belonged to Zebediah Mitchell, deceased," to their brothers, Darius and Jonathan Mitchell. The petitioners each received one hundred and twenty-five dollars as the consideration for this conveyance. It is obvious that the parties to this deed must have supposed that it conveyed three-fifths of the land therein specified, otherwise there would be no perceivable consideration for the conveyance. There is no reason given why the grantees should pay the grantors three hundred and seventy-five dollars, when the latter had nothing to convey. The deed was undoubtedly made upon the mistaken hypothesis that the title to the land conveyed had been in Zebediah Mitchell.

This deed was recorded 26th September, 1836. The grantees entered under it, and they or those claiming under them have remained in possession from that date to the present time, occupying the land as their own, receiving exclusively the rents and profits and paying the taxes thereon.

This would seem to be a sufficient title. But the objection is made that the legal title was in Molly Mitchell, who died in 1845, and that, therefore, nothing passed by the deed of the petitioners of Aug. 2, 1836. Still the grantees therein named were in possession, occupying the lands in question, claiming title thereto, and holding adversely to all others. On 8th December, 1848, they divided these lands by deeds of release, and subsequently thereto, their occupation was in severalty in accordance with the terms of said deeds, and was open, notorious, adverse, and exclusive, and known to the petitioners.

There is no proof of any actual entry upon the land in dispute

by either of the petitioners within twenty years. *Peabody* v. *Hewett*, 52 Maine, 33.   It is true, an action may be maintained by one having a right of entry, by R. S. 1851, c. 104, § 4.   But here the right of entry is gone, for twenty-three years have elapsed since the respondents, or those under whom they claim, have been in the exclusive and open, notorious, and adverse possession of the several tracts as conveyed by the deeds of release of Dec. 8, 1848, to which reference has been had.        *Judgment for the respondents.*

KENT, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.

WALTON, J., having formerly been consulted, did not sit.

*L. H. Ludden*, for the petitioners.

*Bolster & Wright*, for the respondents.